UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

        Petitioner,

   vs.

GREG MUNKS,

        Respondent.

No. C 13-5087 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR PETITIONER TO SHOW CAUSE**

    This is a habeas case filed pro se by a pretrial detainee incarcerated at Maguire Correctional Facility.[1] Petitioner is in jail awaiting trial for a violation of California Penal Code § 485, theft of lost property. He seeks this court to intervene in the state prosecution and also raises claims regarding his treatment in jail by the guards.[2]

    Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is

---

[1] Petitioner has filed seven other cases in this court in the last month, several with overlapping claims.

[2] His claims regarding the conditions of confinement are not properly brought in a habeas petition and have been separately brought in his other cases in this court.

applied). Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973). A party who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators. *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (citation omitted).

Petitioner shall show cause why this case should not be dismissed pursuant to *Younger*.

## CONCLUSION

1. Leave to proceed in forma pauperis (Docket Nos. 6, 8) are **GRANTED**.

2. Petitioner shall show cause by **December 27, 2013**, why this case should not be dismissed. Failure to reply will result in this case being dismissed.

**IT IS SO ORDERED.**

Dated: December 12, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Hollins5087.osc.wpd

2